UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAQUAN K. MARTIN,

Petitioner,

Case No. 26-cv-979-pp

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255, DISMISSING CASE AND DENYING CERTIFICATE OF APPEALABILITY**

On June 1, 2026, the petitioner filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct the sentence that this court imposed on July 22, 2024. Dkt. No. 62. The petitioner entered a guilty plea and did not appeal from his July 24, 2024 judgment of conviction. The petitioner's motion challenges only the calculation of his criminal history category. Dkt. No. 1. This argument ignores the fact that the petitioner had pled guilty to an offense that required imposition of a mandatory minimum sentence. The court will deny the motion at the screening stage because the petitioner has no claim under §2255.

I.      **Background**

On December 20, 2022, the grand jury returned a seven-count indictment charging the defendant with multiple counts of knowingly and intentionally distributing forty grams or more of fentanyl (Counts One and Two) and fifty grams or more of methamphetamine (Counts Three and Four), possessing with intent to distribute methamphetamine, cocaine, fentanyl and marijuana (Count Five), possessing a firearm in connection with a drug

1

trafficking offense (Count Six) and being a prohibited person in possession of a firearm (Count Seven). <u>United States v. Jaquan Martin</u>, Case No. 22-cr-263, Dkt. No. 1.

On February 22, 2024, government filed a plea agreement in the case. Dkt. No. 40. The plea agreement bears the petitioner's signature, as well as that of his attorney; both dated the agreement February 22, 2024. <u>Id.</u> at page 15. The agreement provided that the petitioner would plead guilty to Count Five, charging him with knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine, forty grams or more of a substance containing fentanyl, a mixture containing cocaine and a mixture containing marijuana in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 841(b)(1)(D). <u>Id.</u>, Dkt. No. 40 at ¶4. The petitioner acknowledged that the charge carried a mandatory minimum sentence of ten years' imprisonment. <u>Id.</u> at ¶6. The parties agreed to recommend to the court that the relevant conduct attributable to the defendant was at least 463.8 grams of methamphetamine (actual), 327.8 grams of methamphetamine (mixture and substance), 161.4 grams of fentanyl, 146.2 grams of cocaine, and 19,237 grams of marijuana. <u>Id.</u> at ¶17. The parties further agree to recommend that the applicable base offense level for the offense charged in Count Five was 34 under USSG §2D1.1(c)(3). <u>Id.</u> at ¶18. They agreed that two, two-level increases applied: a two-level increase for possessing a dangerous weapon under USSG §2D1.1(b)(1) and a two-level increase for maintaining a premises for the purpose of manufacturing or distributing a controlled substance under USSG §2D1.1(b)(12) (resulting in a total offense level of 38 before any reductions). <u>Id.</u> at ¶19. The parties agreed that the government would recommend a 2-level decrease for acceptance of responsibility under USSG

2

§3E1.1(a) and a 1-level decrease under §3E1.1(b) for the timeliness of the plea, reducing the proposed offense level to 35. Id. at §20. The government agreed to recommend a sentence of 144 months (twelve years), to run concurrently with the revocation sentence imposed in Milwaukee Count Circuit Court Case No. 15CF2764. Id. at ¶23. (The petitioner was free to argue for whatever sentence he believed was appropriate.) The petitioner agreed that the petitioner could not move to withdraw the guilty plea solely as a result of the sentence imposed by the court. Id. at ¶25.

The revised PSR calculated the guidelines exactly the same way the plea agreement had—a base offense level of 34, plus 2 levels for possession of a dangerous weapon plus 2 levels for maintaining a drug house, minus 3 levels for acceptance of responsibility, for an adjusted offense level of 35. Id., Dkt. No. 46 at ¶¶25-35. The petitioner had a criminal history category of IV (seven criminal history points plus one status point added because he committed the offense while under a criminal justice sentence). Id. at ¶¶38-44. An adjusted offense level of 35 in criminal history category IV resulted in an advisory guideline range of 235 months to 293 months. (or 19 years 7 months to 24 years 5 months.) Id. at ¶87. The mandatory minimum term on Count Five was 10 years, or 120 months. Id. at ¶86.

On April 8, 2024, the court held a change-of-plea hearing. Dkt. No. 42. The court spent almost an hour going over the plea agreement with the petitioner; his attorney was present. Id. at 1. Among other things, the court explained to the petitioner that he was facing a mandatory minimum sentence of ten years. Id. At the end of the hearing, after telling the court that he understood everything, the petitioner pled guilty. Id.

At the July 22, 2024 sentencing hearing, the court asked the petitioner if he had reviewed the presentence report with his attorney:

> THE COURT: Thank you. And [petitioner] is that correct, you remember going over that Presentence Report with Mr. Cotton and discussing it with him?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. And did you have a chance to ask him any questions you might have had about the report?
> DEFENDANT: Yes, Your Honor.
> THE COURT: Okay. And if there's anything in it that was just flat out wrong or that you disagreed with, did you have a chance to tell him that?
> DEFENDANT: Yes, Your Honor.

Id., Dkt. No. 61 at 7-8. The court addressed the criminal history category, observing that the petitioner had four prior convictions, all of which scored for criminal history purposes. Id. at 9. Because the petitioner had a total of seven points and was on supervision at the time of the offense, the court assessed an additional status point. Id. at 10. The court determined that the advisory guideline range was 235 to 293 months but acknowledged that the amount of drugs required a mandatory minimum sentence of 10 years, or 120 months. Id at 10-11. The court explained "there is a 10-year floor on any sentence I can give regardless of what the parties recommend." Id. at 11.

The prosecutor recommended 144 months—twelve years, a substantially below-guidelines sentence—citing the significant quantity of drugs involved in the case. Id. at 11-13. The Assistant United States Attorney explained that she had been the prosecutor in the petitioner's 2015 state case and explained that he was on supervision at the time of his first buy in his federal case. Id. at 14. The defense recommended the mandatory minimum sentence of 120 months, adjusted downward by 24 months. Dkt. No. 51 at 1.

When sentencing the petitioner, the court commented on the significant quantity and different types of drugs, the guns, and "an astronomical amount

4

of money." Dkt. No. 61 at 33-34. The court sentenced the petitioner to 108 months (132 months, adjusted downward by 24 months to take into account the amount of time the petitioner spent in custody on the revocation sentence). Id. at 42. The 132-month sentence was 12 months longer than the sentence requested by the defendant, 12 months *less* than the sentence recommended by the government and 8 years and 7 months less than the low end of the applicable guideline range.

The petitioner did not file a direct appeal after the entry of judgment (Dkt. No. 54, entered July 24, 2024).

## II.  Rule 4 Screening

### A.  Legal Standard

In a §2255 proceeding, the court first must review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a § 2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitation period.

5

The petitioner argues that his criminal history score was "artificially inflated" due to two entries, each of which resulted in one criminal point. <u>Martin v. United States</u>, Case No. 26-cv-979, Dkt. No. 2 at 2. He says that his attorney "rendered constitutionally ineffective assistance under the Sixth Amendment by failing to investigate, object to, and challenge two erroneous entries in the PSR that were improperly counted" in his criminal history score, increasing his criminal history category from III to IV. <u>Id.</u> at 1. He says, "Sentencing at the higher range violated Petiontioner's substantial rights and undermines the intergrity of the judicial proceedings." <u>Id.</u> (as in original).

The petitioner argues that the PSR contains a criminal history entry for Case No. M14006071, which he says is a civil case, not criminal. <u>Id.</u> at 2. He asserts that the PSR describes a matter involving drug paraphernalia and a concealed weapon. <u>Id.</u> He asserts, however, that only record of this "event" that shows up on his Wisconsin criminal record and the only conviction that "comes close" to the one mentioned in the PSR is another civil case, Milwaukee County Case No. 2015CV000949. <u>Id.</u> at 2-3. He says that this case ultimately was dismissed on June 25, 2015. <u>Id.</u> at 3. The petitioner argues that only prior sentences resulting from criminal convictions are counted under criminal history calculations. <u>Id.</u> (citing U.S.S.G. §4A1.2). The petitioner argues that inclusion of this point was "clear legal error." <u>Id.</u>

Second, the petitioner argues the PSR contains an entry referring to an alleged assault, but that this case does not "exist in any form." <u>Id.</u> The petitioner asserts that he's never been charged with or convicted of assault, "anywhere, at any time." <u>Id.</u> He argues there is no case number, no record, no document or documentation to support the entry in the PSR. <u>Id.</u> The petitioner

6

"categorically denies any involvement in or connection to any such case." Id. He says that the inclusion of this entry "and the Government's and Probation Officer's reliance upon it raises serious concerns about the accuracy of the information used to sentence Petitioner and the inte[g]rity of the proceedings as a whole." Id. at 4.

The petitioner argues that he received one criminal history point for each of these entries and an additional status point because he was on probation at the time of the offense. Id. at 4. He says that as a result, he was placed in criminal history category IV, when criminal history category III would have carried a "materially lower sentencing range." Id.

Under grounds for relief, the petitioner argues ineffective assistance of counsel. Id. He argues that his counsel was ineffective for failing to investigate the accuracy of the criminal history categories and failing to object to or challenge the two allegedly erroneous entries. Id. at 6. He argues that his lawyer's performance "was not a matter of reasonable trial strategy." Id. The petitioner said that he was "not adequately informed about the errors in his PSR" and that counsel "never meaningfully reviewed the document with Petitioner." Id. He asserts that a reasonably competent attorney would have recognized that the case number associated with the drug paraphernalia criminal history entry didn't exist; that the closest case to it was a civil matter, not a criminal conviction; that the assault entry was entirely fictitious, with no supporting documentation; and would have filed objections and made the appropriate arguments at sentencing. Id. at 6-7.

The petitioner asserts that he was prejudiced by the deficient performance because there is a reasonable probability that his sentence would have been lower. Id. The petitioner maintains that the accuracy of sentencing

7

information is a fundamental requirement of due process. Id. at 8. The petitioner asks the court to grant an evidentiary hearing, order the government to respond to the instant motion, find that the points for the two allegedly erroneous entries should not have been included, vacate his sentence and order resentencing. Id.

C.    Discussion

In his brief supporting his §2255 motion, the petitioner reiterates that he is bringing a "single, focused claim: that trial counsel . . . rendered constitutionally ineffective assistance under the Sixth Amendment by failing to investigate, object to, and challenge two erroneous entries in the PSR that were improperly counted in Petitioner's criminal history score." Dkt. No. 2 at 1. Having presided over the petitioner's underlying criminal case, the court is in a position to rule at this early stage and is "uniquely suited to determine if a hearing is necessary." Rodriguez v. United States, 286 F.3d 972, 987 (7th Cir. 2002), as amended on denial of reh'g and reh'g en banc (7th Cir. 2002).

There are several problems with the petition. First, the petitioner should have challenged the calculation of his criminal history points and his guideline range on direct appeal. Normally, the doctrine of procedural default would bar his claim because the petitioner did not raise it with this court at sentencing or with the Seventh Circuit on appeal. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). That said, the Seventh Circuit generally allows a petitioner to raise an ineffective assistance of counsel claim for the first time in a §2255 motion "regardless of whether the petitioner could have raised the claim on direct appeal." Delatorre, 847 F.3d at 845 (quoting Gaylord v. United States, 829 F.3d 500, 506 (7th Cir. 2016)).

8

That takes the court to the second problem. There is a one-year limitation period for bringing a §2255 motion. The petitioner must file his §2255 motion within one year of the conviction becoming final or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f). The court entered judgment on July 24, 2024; the petitioner's judgment became final fourteen days later, on August 7, 2024, when his opportunity to file an appeal expired. Fed. R. App. P. 4(b)(1)(A)(i). The petitioner did not file his §2255 motion until June 1, 2026—almost two years later.

Although the petitioner did not timely file his petition, the one-year limitation period "is subject to equitable tolling." Holland v. Florida, 560 U.S. 631, 649 (2010). "To qualify for equitable tolling . . . , a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. at 339–40 (quoting Holland, 560 U.S. at 649). "Petitioners bear the burden of proving that they qualify for equitable tolling." Taylor v. Michael, 724 F.3d 806, 810 (7th Cir. 2013).

The petitioner filed his motion on a pre-printed form and, when asked why he did not raise his sentencing issue on direct appeal, the petitioner said, "I wanted to but counsel . . . would not do so and never explained what needed to be done to appeal." Dkt. No. 1 at 4. He later says that his attorney never told him the case had become final. Id. at 7. But at sentencing, *this court* informed the petitioner of his right to appeal and explained that he had "a pretty short window of time in which to do it." Case No. 22-cr-263, Dkt. No. 61 at 45. The court explained to the petitioner that judgment wasn't being entered that day but that he had fourteen days once judgment was entered. Id. at 45-46.

9

Although the court made clear that the petitioner had a short time to appeal, he waited just over a year to request a copy of the judgment, id. at dkt. no. 60, and he waited another ten months to file this §2255 motion, Case No. 26-cv-97, dkt. no. 1.

Notwithstanding the petitioner's tardiness, the court will assume that the petitioner's lawyer did not inform the petitioner when the court entered judgment, and therefore that the late filing is excused. The petitioner has not alleged that his attorney violated his rights by not filing an appeal. Rather, he claims that he was denied his Sixth Amendment right to effective assistance of counsel at sentencing. To prevail on this claim, the petitioner would have to show that (1) his counsel's performance was deficient and (2) that he was prejudiced by deficiencies in his counsel's performance. Strickland v. Washington, 455 U.S. 668, 687 (1984). Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Surmounting Strickland's high bar is never an easy task" because "the Strickland standard must be applied with scrupulous care." Harrington v. Richter, 562 U.S. 86, 105 (2011).

As for the first prong, the plaintiff alleges that his counsel's performance was not reasonable because counsel failed to object when criminal history points were erroneously assigned to two municipal court cases (the petitioner says that one was a civil case and that one did not exist). The record confirms that counsel discussed the presentence report with the petitioner prior to sentencing. A week before sentencing, counsel filed a sentencing memorandum

10

flagging the petitioner's inability to recall anything about the two municipal court matters:

> The PSR calculates a very high guideline range for [the petitioner] (235-293 months). The parties were well aware of this range while negotiating this case. And while neither side disputes the manner in which the range was calculated, neither side believes that a sentence anywhere near those numbers is appropriate. **It is worth noting that [the petitioner] finds himself in Criminal History Category IV as a result of having 8 criminal history points. But one of those points stems from a West Allis Municipal Court matter and the other comes from a Milwaukee Municipal Court matter. PSR at ¶¶ 38, 41. [The petitioner] indicates that he does not recall personally receiving citations for these matters nor does he recall even going to court.** [The petitioner] also receives two criminal history points for a non-violent heroin possession case that happened when he was 18 years old. The PSR reflects that ultimately [the petitioner] was placed on probation, which he successfully completed in 2016. As this Court is well aware, it is free to disagree with a guideline range either categorically or in a particular case. *See United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010). This Court should disagree with the guideline in this case for a number of reasons. One, the parties have negotiated an agreement for a lesser term of imprisonment, thus demonstrating that the government finds the guidelines to be excessive here. Two, as noted above, [the petitioner] has been in continuous custody for 24 months by the time of sentencing. [The petitioner's] only other term of imprisonment was from December 12, 2017 until March 15, 2021 (approximately 3 years). A sentence of 96 months running concurrent with the state sentence will result in [the petitioner] serving time far beyond the 4 years that he was ordered reconfined for. The Department of Corrections has determined that [the petitioner's] release date to extended supervision would be July 14, 2026 which obviously will not take place given the amount of time he will continue to serve in federal custody.

Case No. 22-cr-263, Dkt. No. 51 at 2-3 (emphasis added).

At sentencing, the petitioner told this court that he had had enough time to go over the report with his counsel and to raise any concerns. The petitioner did not mention these two municipal citations or tell the court that he believed that his lawyer ought to have objected to them.

11

But the main problems are that the petitioner cannot demonstrate that his counsel's performance was deficient, nor can he demonstrate that he was prejudiced. The petitioner cannot show that his attorney's performance was deficient in failing to challenge West Allis municipal citation M140060671. Although West Allis does not have a publicly accessible database for citations, the PSR reflects that the citation was for possession of drug paraphernalia and carrying a concealed weapon. Dkt. No. 46 at ¶39. Wis. Stat. §961.573 prohibits possession of drug paraphernalia and makes it punishable by up to thirty days in jail or a fine or both. Wis. Stat. §941.23 makes it a Class A misdemeanor to carry a concealed weapon. These offenses count for one criminal history point under USSG §§4A1.2(a)(1) and (c).

Milwaukee County *does* have a searchable database for municipal offenses. https://municipalcourt.milwaukee.gov. Contrary to the petitioner's assertions, that database contains case number 15035300, which shows that on June 14, 2015, Jaquan Kamonte Martin received municipal citation #48930211065 for a violation of Milwaukee County Ordinance 105-2, assault and battery. He pled no contest. He was found guilty and fined $376. Id. This counts for one criminal history point under USSG §4A1.1(c).

Maybe more to the point, even if the petitioner could have shown that his attorney's performance was deficient, the petitioner cannot show that he was prejudiced by his lawyer's failure to challenge the two criminal history points. The petitioner says that "sentencing at the higher range violated the Petitioner's substantial rights." Case No. 26-cv-979, Dkt. No. 2 at 1. But this court did not use the guideline range to sentence the petitioner. The low end of the guideline range as calculated was 19 years and 7 months. The court sentenced the petitioner to 11 years—over 8.5 years *below* the low end of the guideline range.

12

Even if the petitioner's lawyer had successfully challenged the two criminal history points about which the petitioner complains (which he could not have done), the petitioner would have had an adjusted offense level of 35 in criminal history category III, which would have resulted in an advisory guideline range of 210 to 262 months, or 17 years and 6 months to 21 years and 10 months. The 132-month (11 year) sentence the court imposed is still years below the low end of *that* guideline range. Any way the court cuts it, the petitioner received a sentence far below the low end of the guideline range, and below the sentence that the government recommended.

Further, the court imposed a sentence only one year, or twelve months, above the mandatory minimum sentence—the lowest sentence the court legally could have given the petitioner. The petitioner had pled guilty to Count Five, which carried a ten-year (120-month) mandatory minimum sentence. The petitioner has not challenged that plea, and he acknowledged in the plea agreement that Count Five carried a ten-year mandatory minimum. Case No. 22-cr-263, Dkt. No. 40 at ¶6. The court discussed the mandatory minimum with the petitioner during the plea hearing. Id., Dkt. No. 41 at 12:35-12:32. The court explained that Congress had determined that the court could not sentence the petitioner below ten years in prison unless the petitioner provided substantial assistance to the government and the government made an appropriate request. The petitioner stated that he understood that. Id.

Based on the language in the plea agreement and the statements made during the plea hearing, both the petitioner and counsel knew that the government was going to recommend only 144 months (twelve years)—far below the guideline range of 235-295 months. Even if counsel had objected and the court agreed that the petitioner should only receive five criminal history

points, the ten-year mandatory minimum would not have changed. As the court told the petitioner at sentencing, in the case of a mandatory minimum sentence, it had no choice but to sentence him to ten years or more. Id., Dkt. No. 61 at 36. The court also told the petitioner that if the government had not agreed to the plea deal, the court would have had to impose a sentence with a floor (a mandatory minimum sentence) of *fifteen* years. Id. at 35. The court explained to the petitioner why it imposed the sentence it did: the amount of drugs, the type of drugs, the number of guns and the amount of cash in the petitioner's house meant that "this was drug dealing on a pretty significant scale." Id. at 33-35. It is irrelevant whether this court found the petitioner to have five or seven criminal history points because the court did not base its sentence on the advisory guideline range, and because it could not have imposed a sentence less than the ten-year (120-month) mandatory minimum regardless of the guideline range.

Finally, there is no basis for an evidentiary hearing because the record conclusively establishes that the petitioner is not entitled to relief. The court will deny the petitioner's motion to set aside, vacate or correct his sentence.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

<u>Slack v. McDaniel</u>, 529 U.S. 673, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to habeas relief under 28 U.S.C. §2255.

## IV.     Conclusion

The court orders that the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 is **DENIED**. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court orders that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

15